## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

       Plaintiff,

v.                                        No. CIV-07-0519 RB/WPL

KARLE [sic] BRANDENBURG (HEAD
OF DISTRICT ATTORNEY OFFICE),
ANN DEMARIS (ASST., DIST. ATT.),
MAYOR MARTIN CHAVEZ,
CITY OF ALBUQUERQUE,
COUNTY OF BERNALILLO,
SANDY BARNHART Y CHAVEZ, ATTORNEY
AT LAW CONTRACTED,
CHIEF PUBLIC DEFENDER JOHN BIGELOW, FOR CITY
OF ALBUQ. NEW MEXICO, COUNTY OF
BERNALILLO, PUBLIC DEFENDER OFFICE,
OTHER NOT KNOWN BUT WILL BECOME
KNOWN AT DISCOVERY, JUANITA DURAN,
TROY W. PRICHARD P.A., DONNA BEISMAN,
MARIA ARREOLA, MANUEL ROJO, DE DEHERRIDA,
D. VASQUEZ, A. SANCHEZ, and M. WERLEY,

       Defendants.

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ.

P. 12(b)(6), to review Plaintiff's original, first amended, and second amended civil rights

complaints.  Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.  For the

reasons below, Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaints name a large number of Defendants and assert a variety of claims. The Court notes that Plaintiff has several other pending actions with related claims against a number of the same Defendants in this action. In support of Claim I of the original complaint, Plaintiff alleges that the district attorney and an assistant district attorney failed to disclose to the state district judge (presumably in a criminal proceeding) that Plaintiff had shot himself. In Claim II he alleges that a number of motions in his state criminal proceeding were misfiled or denied. In Claim III Plaintiff alleges that certain parties have tampered with or destroyed a number of reports and other evidence, and he appears to assert a derivative Fourth Amendment claim.

Plaintiff then filed a first amended complaint (Doc. 2) naming additional Defendants. In Claim I he alleges his attorney did not follow state procedural and ethical rules. The other claims contain no factual allegations but recite various constitutional provisions. In a second amended complaint (Doc. 14), Plaintiff again alleges mishandling and failure to disclose evidence. He also asserts violations of his speedy trial rights and denial of adequate medical treatment. He seeks damages and injunctive relief.

The Court may not grant relief on the allegations in Plaintiff's original and first amended

2

complaints.  To the extent Plaintiff contends that Defendants' alleged conduct calls into question the validity of his conviction, his claims are barred under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court in *Heck* held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id.* at 487.  Plaintiff does not allege that he was acquitted or his conviction was set aside, *see id.* at 486-87, and his allegations of procedural irregularities fail to state a claim cognizable under § 1983, *see Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  Otherwise, his complaints allege nothing more than violations of state law and rules, which are not cognizable as claims under § 1983.  *See Rector v. City and County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003).

In the original complaint, Claim III (state court discovery violations) contains allegations of Fourth Amendment violations (p. 15).  The Court notes that Plaintiff is prosecuting this Fourth Amendment claim in his companion case, *Zapata v. Chavez*, No. CV 07-0518 BB/RHS, which was filed the same day as the complaint in this case.  To the extent Plaintiff intended to bring this claim in the instant action, the claim will be dismissed as parallel or duplicative litigation.  *See, e.g., Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  Plaintiff's original and first amended complaints will be dismissed.

In his second amended complaint (Doc. 14), Plaintiff again asserts claims arising from alleged mishandling of evidence.  These claims will be dismissed for the reasons set out above.  He also asserts violations of his speedy trial rights but makes no allegation against an individual defendant who may be sued on this claim.  *See Forney v. Oklahoma*, No. 98-6234, 1998 WL 840941, at *1 (10th Cir. Dec. 7, 1998); *Marquez v. Emery County Justice Ct.*, No. 91-4232, 1992

WL 189102,  at *1 (10th Cir. Aug. 6, 1992) (rejecting damages claim for speedy trial violations against immune defendants); *Brown v. McCray*, 74 F. App'x 875, 877 (10th Cir. 2003) (prosecutor); *but see DeLancy v. Caldwell*, 741 F.2d 1246, 1247 (10th Cir. 1984) (allowing damages claim against a court reporter for excessive delays).  These claims will be dismissed.

Last, Plaintiff's allegations of inadequate medical treatment fail to identify an individual defendant responsible for the deprivation.  Furthermore, in two other actions Plaintiff makes allegations of inadequate medical treatment arising from the same period of time.  *See Zapata v. Torrez*, No. CV 07-0130 WJ/RLP; *Zapata v. Chavez*, No. CV 06-0981 JB/LCS.  As with his Fourth Amendment allegations, to the extent that Plaintiff intends to bring these claims in this case, the claims will be dismissed as parallel or duplicative litigation.  *See, e.g., Rienhardt*, 164 F.3d at 1302. The second amended complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's original, first amended, and second amended complaints (Doc. 1, 2, 14) are DISMISSED with prejudice; and judgment will be entered.


_____
UNITED STATES DISTRICT JUDGE